UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA MOSER, and<br>MAX MOSER, II,<br><br>    Plaintiffs,<br><br>    v.<br><br>REALTY INCOME CORPORATION, and<br>AMERICAN MULTI-CINEMA, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:18-cv-01965-TWP-DML<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING MOTION FOR REMAND

This matter is before the Court on Plaintiffs' Motion for Remand to Bartholomew County Superior Court No. 1, filed pursuant to 28 U.S.C. § 1447 in Response to Defendants' Notice of Removal Dated June 26, 2018. (Filing No. 11). Plaintiffs Melissa Moser and Max Moser, II (collectively, "Plaintiffs") filed a premises liability Complaint against Defendants Realty Income Corporation and American Multi-Cinema, Inc. (collectively, "Defendants") on June 28, 2017, in Bartholomew County Superior Court (Filing No. 1-1 at 4). On June 26, 2018, Defendants filed their Notice of Removal and removed the lawsuit from state court to this Court based on diversity jurisdiction (Filing No. 1). Twenty-nine days later, on July 25, 2018, Plaintiffs filed a Motion for Remand, arguing that jurisdictional deficiencies require that this case be remanded to state court. For the following reasons, the Plaintiffs' Motion for Remand is denied.

### I.  LEGAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ." 28 U.S.C. § 1446(c)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

## II. DISCUSSION

This case was removed by the Defendants to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The Plaintiffs argue that remand of the case to state court is necessary because the Defendants failed to satisfy the jurisdictional requirements at the time of removal.

First, the Plaintiffs argue that remand is required because the amount in controversy requirement was not satisfied by the Defendants. On June 18, 2018, the Plaintiffs issued to the Defendants a "confidential settlement offer" as a precondition to establishing a mediation date

2

with a proposed mediator. The letter was issued with the understanding that it would be kept confidential. The letter indicated that Plaintiffs would "resolve all claims" for a "full and final settlement" of $135,000.00 (Filing No. 16-1). Based on this $135,000.00 settlement offer, the Defendants filed the Notice of Removal, asserting that they now were able to ascertain for the first time that the case was one which was removable.

The Plaintiffs argue that, when determining jurisdiction, the Court may consider only evidence that was available at the time of removal, and their letter cannot be considered when determining jurisdiction because it was confidential, it was made in the course of settlement negotiations (and therefore is inadmissible under Federal Rule of Evidence 408), and it is not an "other paper" under 28 U.S.C. § 1446(b)(3). They also argue that the Court's consideration of the settlement offer letter would cut against a public policy that favors settlement negotiations and settling cases.

The Plaintiffs' arguments have been resolved against them by controlling Seventh Circuit precedent, and this Court need not look any further to other jurisdictions for guidance. *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met."); *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 n.2 (7th Cir. 2011) ("Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdictional purposes has been met."); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("Rule 408 says that a settlement offer is not admissible 'to prove liability for or invalidity of the claim or its amount.' Red Roof Inns did not use the offers to show

3

either its own liability or the 'invalidity' of Rising–Moore's claim. Instead it used them to show the stakes, a question independent of the claim's merit. The district court thus was entitled to take account of the offers, and perforce of counsel's pre-offer estimate that a jury would value Rising–Moore's injury at $180,000 or up. The $180,000 to $200,000 estimate is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status.").

In light of this controlling precedent from the Seventh Circuit, the Court concludes that the Plaintiffs' arguments concerning their confidential settlement offer letter do not warrant remand. The Court may consider the Plaintiffs' settlement offer letter, wherein the Plaintiffs offered to fully and finally settle all claims for $135,000.00, thereby easily satisfying the Court's $75,000.00 jurisdictional threshold.[1]

Next, the Plaintiffs argue that remand is required because the Defendants failed to allege the citizenship of the Plaintiffs in the Notice of Removal, which is a jurisdictional defect at the time of removal that cannot be cured. The Notice of Removal alleged that the Plaintiffs were "residents" of Indiana rather than "citizens" of Indiana, and the Defendants did not cure the defect until after the one-year removal limitation found in 28 U.S.C. § 1446(c)(1) had expired. In any event, the Plaintiffs assert, the jurisdictional defect occurred at the time of removal, so the "case should have been remanded instantly." (Filing No. 12 at 10 (quoting *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000)).)

Case law in the Seventh Circuit and a federal statute resolve these issues against the Plaintiffs. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "Section 1653 has been held to apply to removal petitions, as

---

[1] Contrary to the Plaintiffs' suggestion in their Reply Brief, the Court's conclusions regarding remand do nothing to "disrupt private negotiations between the parties," and do not "overt[ly] involve[ the Court] in settlement negotiations." (Filing No. 18 at 5.)

well as to complaints. *Park v. Hopkins*, 179 F. Supp. 671, 672 (D. Ind. 1960). *See also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998) (allowing amendment of defective allegations of citizenship in notice of removal)." *Tate v. Werner Co.*, 2002 U.S. Dist. LEXIS 11953, at *13 n.6 (S.D. Ind. June 26, 2002); *see also Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001) (appellate court allowed party to correct allegation of "residency" to "citizenship" at the appellate court level).

Even the Seventh Circuit opinion upon which the Plaintiffs rely recognized that jurisdictional allegations may be corrected:

> The district judge observed that the notice of removal alleged the parties' "residence," while jurisdiction depends on their citizenship, which is to say their domicile. This is not, as the parties would have it, a "defect in removal procedure." It is a genuine jurisdictional problem. Perhaps the judge should have allowed the parties to amend their jurisdictional allegations . . . .

*Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (internal citations omitted).

Further, "[s]uch amendments may be made even after the thirty-day period for removal expires if the defect to be amended is a procedural defect within the defendant's claim of jurisdiction and does not seek to add new jurisdictional grounds." *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, 2017 U.S. Dist. LEXIS 3307, at *8 (S.D. Ind. Jan. 10, 2017) ("Although BCS did file its Amended Notice after the thirty-day statutory period ended, the Amended Notice only sought to more clearly define the citizenship of BCS and its membership and did not propose any new jurisdictional grounds. Therefore, the Amended Notice was proper even though it was made beyond the thirty-day statutory period.").

In this case, the Court issued its Entry on Jurisdiction on July 3, 2018, noting the Defendants' error in alleging "residency" rather than "citizenship" in the Notice of Removal and ordering the Defendants to file a supplemental jurisdictional statement (Filing No. 7). Two days

later, the Defendants filed a Supplemental Jurisdictional Statement, curing their error and properly alleging "citizenship." (Filing No. 8.) Following the example of the Seventh Circuit in *McMahon*—where the court allowed amendment to the notice of removal that improperly alleged "residency" rather than "citizenship" and then moved on to the merits of the case, *see* 150 F.3d at 654—this Court determines that the Defendants' Supplemental Jurisdictional Statement cured the defect in the Notice of Removal. Accordingly, the Plaintiffs' arguments concerning allegations of "residency" and "citizenship" do not warrant remand.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiffs' Motion for Remand (Filing No. 11). On August 9, 2018, the Magistrate Judge stayed this litigation pending a ruling on the Motion for Remand (*see* Filing No. 17). With this Motion now ruled upon, the stay is lift, and this litigation may proceed.

**SO ORDERED.**

Date: 11/29/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joshua James Burress
BINGHAM GREENEBAUM DOLL LLP
jburress@bgdlegal.com

James M. Hinshaw
BINGHAM GREENEBAUM DOLL LLP
jhinshaw@bgdlegal.com

Peter Campbell King
CLINE KING & KING PC
pck@lawdogs.org